**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

United Food And Commercial Workers Union Local 588, Intervenor,

v.

David G. CUBITT; Brenda Cubitt, a California partnership, d/b/a Grass Valley Grocery Outlet, Respondents.

No. 03–72142.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Feb. 9, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Ruth Burdick, Regional Director, National Labor Relations Board, Fred L. Cornnell, Esq., National Labor Relations Board, Office of the General Counsel, Washington, DC, Aileen A. Armstrong, Esq., National Labor Relations Board, San Francisco, CA, for Petitioner.

Timothy Sears, Esq., Davis, Cowell & Bowe, LLP, San Francisco, CA, for Intervenor.

Jack B. Albanese, Esq., Jack B. Albanese, Esq., Nelson Mullins Riley & Scarborough, LLP, Alanta, GA, for Respondent.

Before: KOZINSKI, W. FLETCHER, and BYBEE, Circuit Judges.

ORDER AND MEMORANDUM **

The memorandum disposition filed January 11, 2005 is hereby withdrawn.

The National Labor Relations Board seeks enforcement of the order it issued against David G. and Brenda Cubitt, d.b.a. Grass Valley Grocery Outlet ("the Company"). Largely adopting the findings made by the Administrative Law Judge (ALJ) in his September 6, 2002, Order,[1] the Board held that the Company had violated § 8(a)(1) of the National Labor Relations Act (NLRA), which defines it as an "unfair labor practice" for "an employer to . . . interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in § 157 of this Title." The rights enumerated under § 157 of the Act include "the right to . . . form, join or assist labor organizations." 29 U.S.C. § 157. Based on the two violations it found, the Board ordered a new union election. We have jurisdiction to review the Board's decisions under § 10(e) of the NLRA. 29 U.S.C. § 160(e).

The Company argues that the Board's findings were not supported by substantial evidence. We disagree. On the finding of illegal surveillance, the Board adopted the ALJ's factual findings that Doug Cubitt "st[ood] . . . with his arms crossed staring at . . . employees"

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Board modified the portion of the ALJ's Order directing the Company to cease and desist from "[d]isrupting or interfering with meetings or discussions between union representatives and employees in the parking lot during nonwork time." While the Board affirmed the ALJ's factual findings, it found that the Company activities in question constituted unlawful surveillance rather than disruption.

who attempted to hold a meeting with union representatives in the Company parking lot. The ALJ chose to credit the testimony of the union representatives rather than testimony by Cubitt and Mallette, the store manager, and also noted that the discrepancies among the witnesses' accounts would not in any case "materially affect the [conclusion that the Company had violated the Act]." The Board properly deferred to the ALJ's credibility determinations, and its finding of illegal surveillance was therefore supported by substantial evidence.

Substantial evidence also supported the Board's conclusion that Blain Dorn, a management trainee, unlawfully interrogated Michael Cox, a Company employee, about his union activity. Again, the Board properly deferred to the ALJ's findings, which were based on Cox's unrebutted testimony.

The Company contends that, even if Cox's testimony is taken as true, remarks reportedly made by Dorn such as "I hear that you're voting for the union" do not constitute unlawful interrogation as a matter of law because they were not phrased as inquiries. However, statements reasonably calculated to elicit a response may constitute unlawful interrogation.

Finally, the Company argues that these two incidents are an insufficient basis for setting aside the election results. We have no jurisdiction to consider the appeal from this portion of the Board's order. Elections are governed exclusively by 29 U.S.C. § 159, which provides for review of the certification decision "only after the election has been held and the Board has ordered the employer to do something predicated upon the results of

an election." *Raley's, Inc. v. N.L.R.B.,* 725 F.2d 1204, 1206 (9th Cir.1984) (en banc) (quoting *A.F. of L. v. Labor Board,* 308 U.S. 401, 411, 60 S.Ct. 300, 84 L.Ed. 347 (1940)) (internal quotation marks omitted).

AFFIRMED